CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

RAVI T. NARAYAN (CABN 331858)
Acting Chief, Criminal Division

LORINDA I. LARYEA (DCBN 99769)
Acting Chief, Fraud Section

JACOB FOSTER (CABN 250785)
Acting Deputy Chief, Fraud Section
EMILY GURSKIS (VABN 85973)
Assistant Chief, Fraud Section
ARUN BODAPATI (NYBN 5581137)
Trial Attorney, Fraud Section

    U.S. Department of Justice, Fraud Section
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: 202-514-2000
    Jacob.Foster@usdoj.gov
    Emily.Gurskis@usdoj.gov
    Arun.Bodapati@usdoj.gov

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7200
    Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-00329 CRB |
| Plaintiff, | |
| v. | GOVERNMENT'S MOTION TO RECONSIDER ADMISSION OF TRIAL EXHIBIT 5192 (DEFENDANT BRODY'S ADHD MYTHS VIDEO) AND EXHIBIT 5193 (DEFENDANT BRODY'S WHAT IS ADHD VIDEO) |
| RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY, | |
| Defendants. | Trial Date: September 29, 2025 |

The Court has repeatedly denied earlier attempts by Defendant He to introduce TX 5192 (one excerpt) and 5193 (three excerpts): "I'm not foreclosing you from using it at some appropriate time **when there is a witness who can testify as to its dissemination**." [10/7/25 Trial Tr. 1634:14–16; TX 6358; TX 6359.] There has yet to be such a witness. Based on the evidence, it does not appear that such a witness even exists, contrary to Defendant He's assertions that a calendar invite and two emails "establish[] a record" of their viewing. No one remembers these videos. The introduction of these videos—when the only testimony about them was from people who hadn't seen them—would confuse and mislead the jury. Fed. R. Evid. 403.

Accordingly, the government respectfully moves the court to Court to reconsider its November 12 ruling permitting the admission of (1) TX 5192, one ten-minute video excerpt of Defendant Brody's medical philosophy and what he perceives as myths regarding ADHD ("ADHD Myths Video") and (2) TX 5193, three excerpts of another Defendant Brody webinar ("What is ADHD Video"), that, based on the record, no testifying witness nor Defendant He has ever watched. [11/10/25 Hr'g Tr. at 5103:16–19 ("[B]y the defendant's admission . . . there's insufficient evidence from which he could conclude that people are watching it.")].

Defendants' effort to display Defendant Brody's testimonials about the standard of care before the jury is a hearsay purpose, and Defendants cannot appropriately admit the evidence without offering the government a meaningful opportunity to examine whether these statements actually reflect their state of mind or beliefs. *See, e.g.*, *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("plac[ing] [the defendant's] exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids.") (quotation omitted).

I.  **Done Employees Never Saw Either Video**

Former Done employee Kristin (Neland) Bowen testified that she had not seen either video, even after attempts to refresh her recollection with the very exhibits that Defendant claims corroborate her position as to the videos' dissemination and viewing. So, the Court refused to admit these videos during her cross-examination.

Former Done nurse practitioner Elizabeth Shapard testified that she did not recall anything about educational materials purportedly provided to clinicians through the Done website such as TX 5192

(ADHD Myths Video) or even being provided with links to watch training videos. [10/17/25 Trial Tr. 2680:6–2684:5.]

Defendant He's counsel repeatedly asked former Done executive assistant Christina Hill-Alvarez about the What is ADHD Video and communications around it. After testifying that she did not recall the video, the Court then promptly instructed the jury: "Any testimony about the event is stricken. The jury is instructed to disregard it." [10/30/25 Trial Tr. 3579:1–3580:7.]

Defendant He's counsel then introduced an email that included a summary of unknown authorship about the ADHD Myths Video, which she read into the record. [10/30/25 Trial Tr. 3580:12–3581:10; TX 7595.]. Even after the summary, Ms. Hill-Alvarez had absolutely no recollection of the ADHD Myths Video. The Court then encouraged the defense to move to a different topic.

## II.    The Contents of the Videos Are Hearsay That Does Not Fall within Any Exception

Beyond the lack of foundation, TX 5192 and TX 5193 are pure hearsay and are being offered for their contents. Were that not the case, exhibits like TX 7595 and the government's proposed stipulation would provide a sufficient record on this point for Defendant He. During both videos, Defendant Brody effectively provides expert witness testimony that no one can cross-examine, such as opining that science backs the concept of adult-onset ADHD, that the risks of stimulants are overblown and their "legitimacy is challenged by conservative medical traditionalists," and about purported undertreatment of ADHD because of providers' undue concerns about prescribing controlled substances. At other points, he reads from what he presents as trusted articles or studies.

These prepared testimonials by a defendant do not fall within any exception under Federal Rule of Evidence 803. *See United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987) (identifying "three factors bearing on the foundational inquiry on admissibility under Rule 803(3): contemporaneousness, chance for reflection, and relevance."). Whether Defendant Brody's statements reflect Defendants' states of mind is a question of fact, particularly since it appears Defendant He may have never seen either video. Without an appropriate witness to lay a foundation for the videos or afford an opportunity for cross examination, there is no way to test whether these statements are fabrications designed to further the charged conspiracy.

If Defendant Brody wants to present these opinions to the jury, he can testify. If Defendant He

wants to present Defendant Brody's opinions to the jury, she should provide evidence of their dissemination. The Court should therefore preclude the admission of TX 5192 and TX 5193. The government remains willing to stipulate as to the dates, duration, and topics of these videos and that they were prepared by Defendant Brody.

DATED: November 13, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

 /s/ 
KRISTINA GREEN
Assistant United States Attorney


JACOB FOSTER
Acting Deputy Chief
EMILY GURSKIS
Assistant Chief
ARUN BODAPATI
Trial Attorney
Department of Justice
Criminal Division, Fraud Section